David SEALS–MCCLELLAN, Plaintiff—Appellant,

v.

DREAMWORKS, INC., a Delaware corporation; Dreamworks Films LLC, a California limited liability company; Dreamworks Distribution LLC; Dreamworks LLC, a California limited liability company; Amblin Entertainment; Nina Jacobson, Defendants—Appellees.

No. 03–55570.

D.C. No. CV–99–12912–TJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Dec. 9, 2004.

Todd M. Friedman, Chicago, IL, for Plaintiff–Appellant.

Louis P. Petrich, Leopold, Petrich & Smith, P.C., Los Angeles, CA, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiff David Seals–McClellan appeals the order granting summary judgment in favor of Defendants DreamWorks, Inc., DreamWorks Films LLC, DreamWorks Distribution LLC, DreamWorks LLC and Nina Jacobson (collectively "Defendants")

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

on his copyright infringement claim. We affirm.

To prevail on a copyright infringement claim, a plaintiff must establish ownership and unauthorized copying of protected expression. *Data East USA, Inc. v. Epyx, Inc.,* 862 F.2d 204, 206 (9th Cir.1988). Proof of copying requires evidence that the alleged infringer had access to the protected work before creating the accused work and that a substantial similarity of expression exists between the protected and accused works. *Narell v. Freeman,* 872 F.2d 907, 910 (9th Cir.1989).

The term "access" is defined as "an opportunity to view or copy plaintiff's work." *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 482 (9th Cir.2000) (quoting *Sid & Marty Krofft Tele. Prods., Inc. v. McDonald's Corp.,* 562 F.2d 1157, 1172 (9th Cir.1977)). Access is proven where "(1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work (such as through dealings with a publisher or record company), or (2) the plaintiff's work has been widely disseminated." *Id.*

■ Taking the facts as Seals–McClellan avers and allowing for all reasonable inferences, the record does not disclose a genuine issue of material fact regarding Defendants' opportunity to access the protected work. Speculation aside, Seals–McClellan has not shown anything beyond a bare possibility of access. A bare possibility of access is insufficient to sustain a copyright infringement claim. *Jason v. Fonda,* 698 F.2d 966, 967 (9th Cir.1982).

Where a plaintiff cannot show a reasonable opportunity for access, proof that the protected and accused works are "strikingly similar" gives rise to an inference of copying. *Baxter v. MCA, Inc.,* 812 F.2d 421, 423, 423 n. 2 (9th Cir.1987). To show a striking similarity between works, a plaintiff must produce evidence that the

accused work *could not possibly* have been the result of independent creation. *Walker v. Univ. Books, Inc.,* 602 F.2d 859, 864 (9th Cir.1979). Seals–McClellan's expert acknowledged that the accused work *could have been* the result of independent creation. Our review of the works does not lead us to a different conclusion.

The substantial similarity determination follows "a two-part test having 'extrinsic' and 'intrinsic' components.... [T]he extrinsic [component] ... objectively considers whether there are substantial similarities in *both* ideas and expression...." *Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1442 (9th Cir.1994). Under the extrinsic component, we engage in "analytic dissection" and compare "the individual features of the works to find specific similarities between the plot, theme, dialogue, mood, setting, pace, characters, and sequence of events." *Narell,* 872 F.2d at 912. The intrinsic component measures "expression subjectively." *Apple Computer,* 35 F.3d at 1442.

■ Here, the works differ markedly in plot, theme, dialogue, mood, setting, pace, characters and sequence of events. And while certain ideas and *scenes a faire* in the works appear somewhat similar, "similarities derived from the use of common ideas cannot be protected; otherwise, the first to come up with an idea will corner the market." *Apple Computer,* 35 F.3d at 1443. Because the extrinsic examination reveals no similarity in protected expression, Seals–McClellan is not entitled to ask the trier of fact to make an intrinsic comparison. *See, e.g., Rice v. Fox Broad. Co.,* 330 F.3d 1170, 1174 (9th Cir.2003).

■ Seals–McClellan also challenges the order granting Defendants' motion for reconsideration. A district court has plenary power to reconsider interlocutory orders. *City of Los Angeles v. Santa Moni-*

*ca Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). The decision to revisit an order denying summary judgment on a party's motion for the reasons stated therein or for any other cause is a matter left to the district court's sound discretion. *See id.* That discretion was not abused here. The cases cited by Seals–McClellan are inapposite.

**AFFIRMED.**